UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DIANE K.,[1]<br><br>   Petitioner,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2]<br><br>   Respondent. | Case No. 1:20-CV-00520-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court for consideration is Diane K.'s Petition for Review of the Commissioner's denial of social security benefits filed on November 12, 2020. (Dkt. 1.) The Court has reviewed the Petition, the parties' memoranda, and the administrative

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi is substituted for Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d). Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021.

record (AR). For the reasons that follow, the Court will remand the decision of the Commissioner.

## BACKGROUND

On August 20, 2018, Petitioner filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. (AR 18.)[3] Both applications allege disability beginning on December 18, 2017. (AR 42.) Petitioner meets the insured status requirements through December 31, 2023. The applications were denied initially and on reconsideration.

A hearing was conducted on March 17, 2020, before Administrative Law Judge (ALJ) Wynne O'Brien-Persons. After considering testimony from Petitioner and a vocational expert, on April 1, 2020, the ALJ issued a written decision finding Petitioner not disabled. (AR 18-31.) The Appeals Council denied Petitioner's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Petitioner timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1.) The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the alleged disability onset date, Petitioner was fifty-five years of age. (AR 70.) Petitioner is a high school graduate and has completed one year of college. (AR 321.) Petitioner has past relevant work experience as an administrative clerk, order

---

[3] Petitioner filed previous applications under Title II and Title XVI on March 8, 2018, which were denied on May 1, 2018. (AR 18.) The ALJ found the prior determination denying Petitioner's March 8, 2018, applications remains final and binding for the previously adjudicated period. (AR 18.) Accordingly, the ALJ's decision here addresses only the unadjudicated period beginning May 2, 2018. (AR 19.)

picker, assistant manager, and garden salesperson. (AR 29, 59.) Petitioner claims she is unable to work primarily due to tremors of the bilateral upper and lower extremities, sleep problems, and chronic fatigue. (AR 24.) Petitioner further claims an inability to work due to depression, anxiety, postmenopausal disorder, exhaustion, headaches, dizziness, and brain fog. (AR 320.)

## THE ALJ DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential process in determining whether a person is disabled or continues to be disabled within the meaning of the Social Security Act (SSA). *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1594; 20 C.F.R. §§ 416.920(a)(4)(i)-(v), 416.994.

Here, at step one, the ALJ found Petitioner had not engaged in substantial gainful activity since the alleged onset date. (AR 21.) At step two, the ALJ determined Petitioner suffers from the following medically determinable severe impairments: obesity, essential tremor, and obstructive sleep apnea with chronic fatigue. (AR 21.) The ALJ further concluded Petitioner's major depressive disorder was not a severe impairment. At step three, the ALJ determined that, through the date last insured, Petitioner did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 23.)

The ALJ next found Petitioner retained the residual functional capacity (RFC) to perform "light work," as defined in 20 C.F.R. §§ 404.1567(b); 416.967(b), with certain limitations. (AR 23.) The ALJ concluded Petitioner can lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for three hours total in an eight-hour workday; frequently handle with the bilateral upper extremities; occasionally climb ramps, stairs, ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. (AR 23.) She requires the use of a cane for prolonged ambulation and ambulation on uneven terrain, and must avoid concentrated exposure to work hazards and is unable to perform fast paced typing or handwriting, as found in data entry work.

At step four, the ALJ concluded Petitioner was able to perform past relevant work as an administrative clerk, as actually and generally performed. (AR 29-30.) The ALJ therefore determined Petitioner was not disabled from May 2, 2018, through the date of the decision, April 1, 2020. (AR 30-31.)

## ISSUES FOR REVIEW[4]

1. Whether the ALJ properly evaluated the medical opinion evidence and formulated an RFC supported by substantial evidence?

2. Whether the ALJ properly considered Petitioner's subjective symptom statements?

3. Whether the ALJ properly considered the non-medical opinions?

4. Whether the ALJ's reasonably relied on the vocational expert's testimony?

---

[4] The Court will address the first issue for review only, as it is dispositive of the petition for review.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Id.* at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Court will not reverse the ALJ's decision if it is based on harmless error, which exists where the error is "inconsequential to the ultimate nondisability determination, or if despite the

legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal marks and citations omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1117–1122 (9th Cir. 2012).

## DISCUSSION

Petitioner argues the ALJ erred by acting as her own medical expert in determining Petitioner was able to work in full-time competitive employment at the light exertional level without any supporting medical opinion, based on the ALJ's independent evaluation of Petitioner's functional limitations. (Dkt. 15 at 12); (Dkt. 19 at 7.) Specifically, Petitioner asserts the ALJ rejected all of the medical opinions in the record and relied on her own review of the medical records in formulating the RFC. Respondent contends the ALJ reasonably assessed the medical opinions and may formulate an RFC independent of physicians' opinions. (Dkt. 16 at 16-17.)

**1.      Legal Standard**

Residual functional capacity (RFC) is "the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). The ALJ must consider "all of [a claimant's] medically determinable impairments," whether severe or not, when assessing a RFC. 20 C.F.R. §§ 405.1545(a)(2), 416.945(a)(2).

A claimant's residual functional capacity is not a medical opinion, but is an issue

to be decided by the ALJ. 20 C.F.R. §§ 404.1546(c), 416.946(c); *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). However, the RFC finding must be supported by substantial evidence in the record and the ALJ must explain his or her reasoning underlying the RFC. 42 U.S.C. § 405(b); 20 C.F.R. §§ 404.1520c, 416.920c.

In formulating an RFC, the ALJ evaluates medical and other source opinions, as well as the claimant's credibility. *See e.g., Bray*, 554 F.3d at 1226. The ALJ may properly reject a medical source opinion that is unsupported by objective medical evidence or is inconsistent with evidence from other sources. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). However, the ALJ may not arbitrarily substitute his or her own judgment for competent medical opinion, make independent medical findings, or assess an RFC that is not supported by the medical evidence. *Tackett v. Apfel*, 180 F.3d 1094, 1102–03 (9th Cir.1999) (ALJ may not substitute his own interpretation of the medical evidence for the opinion of medical professionals); *Padilla v. Astrue*, 541 F.Supp.2d 1102, 1106 (C.D. Cal. 2008) ("[A]s a lay person, an ALJ is 'simply not qualified to interpret raw medical data in functional terms.'"); *Banks v. Barnhart*, 434 F.Supp.2d 800, 805 (C.D. Cal. 2006) (An ALJ cannot arbitrarily substitute his or her own judgment for competent medical opinion, and must not "succumb to the temptation to play doctor and make [his or her] own independent medical findings").

ORDER - 7

2.   **The ALJ's Decision**

Five medical opinions were presented in this case addressing Petitioner's physical impairments and limitations. The State agency medical consultants, Myung A. Song, D.O., and Leslie E. Arnold, M.D., found Petitioner was able to perform a reduced range of medium work, limiting Petitioner to: lifting/carrying fifty pounds occasionally and twenty-five pounds frequently; sitting, standing, and/or walking about six hours in a workday; frequent use of ladders/ropes; and frequent handling. (AR 70-101, 104-137.)

Ralph D. Heckard, M.D., conducted a consultative neurological examination dated November 17, 2018, opining, as relevant here, that Petitioner's tremor disorder could limit to some variable degree her ability and capacity for: engaging in finer manual motor activities including repetitive fingering or handling; effective operation of keyboards or other electronic devices; frequent typing, writing, or drawing; or engaging in gross motor activities involving prolonged or repetitive balancing such as frequent squatting, stooping, or crouching; safe use of ladders or scaffolding; or efficient use of hand or power tools. (AR 742-747.)

Petitioner's primary care provider, Angela L. House, D.O., authored several opinions regarding Petitioner's functional limitations and ability to work. (AR 574-577, 607-609, 612-613, 818-819.) In the most recent opinion, dated October 16, 2019, House found Petitioner able to sit one hour at a time for a total of eight hours per day; unable to stand or walk for any amount of time during the workday; could occasionally lift/carry ten pounds; had limited ability to reach; and had no restrictions on fingering (fine motor)

or handling (gross motor). (AR 818.)

Finally, one of Petitioner's treating neurologists, Mary River, M.D., performed a physical functional assessment dated April 14, 2019. (AR 785-788.) River opined that Petitioner could stand/walk for a total of thirty minutes to three hours per day; sit for a total of two hours per day without interruption; lift/carry twenty pounds occasionally and ten pounds frequently; never climb, balance, or stoop; occasionally crouch, kneel and crawl; occasionally push/pull; constantly reach, handle, and feel; and had some environmental restrictions.

The ALJ found all five of these medical opinions unpersuasive with the exception of the portion of River's opinion concluding that Petitioner could lift/carry twenty pounds occasionally and ten pounds frequently, and the manipulative limitations, which the ALJ found somewhat persuasive. (AR 27-29.) There are no other medical opinions of record addressing Petitioner's physical functional limitations and the ALJ did not retain a consultative medical expert to testify during the hearing. In other words, the ALJ disagreed with all but one portion of the medical opinions in the record and fashioned an RFC concluding Petitioner had the capacity to perform light work with the following limitations: lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk for three hours total in an eight-hour workday; frequently handle with the bilateral upper extremities; certain postural and environmental limitations; was unable to perform fast paced typing or handwriting, as found in data entry work; and required the use of a cane for prolonged ambulation and ambulation on uneven terrain. (AR 23.)

ORDER - 9

However, it is unclear from the written decision how, or upon what evidence in the record, the ALJ assigned the majority of the RFC restrictions, concluded Petitioner could perform light work, and made the resulting disability determination. Having rejected all but one portion of the medical opinions in the record, the bulk of the limitations in the RFC appear to be based on the ALJ's own medical findings. It is well-settled that an ALJ may not render his or her own medical opinion or independently assess clinical findings. *See Lail v. Kijakazi*, 2021 WL 4741431, at *7 (E.D. Cal. Oct. 12, 2021) (citing *Tackett*, 180 F.3d at 1102-03; *Banks*, 434 F.Supp.2d at 805)); *see also Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (As a lay person, the ALJ is "simply not qualified to interpret raw medical data in functional terms.").

"When an ALJ rejects all medical opinions in favor of his [or her] own, a finding that the RFC is supported by substantial evidence is less likely." *Stairs v. Astrue*, 2011 WL 318330, at *12 (E.D. Cal. Feb.1, 2011). Indeed, "courts within the Ninth Circuit routinely find error where an ALJ rejects all medical source opinions and formulates an RFC based on the ALJ's own interpretation of the medical record." *Betten v. Saul*, 2019 WL 3939028, at *6 (D. Nev. July 9, 2019) (citing cases); *see also Peter B. v. Comm'r of Soc. Sec. Admin.*, 2022 WL 3010162, at *3 (D. Or. July 28, 2022); *Nicole R. v. Kijakazi*, 2021 WL 7286037, at *4 (C.D. Cal. Oct. 5, 2021).

Here, the Court finds the ALJ properly incorporated into the RFC assessment the lift/carry and manipulative limitations opined by River, which the ALJ found persuasive. However, the other limitations included in the RFC are either seemingly derived from the

medical opinions that the ALJ found unpersuasive or the ALJ's own assessment of the medical records. For instance, River's opinion that Petitioner could stand/walk for thirty minutes to three hours in a workday, and other postural limitations; and Heckard's opinion that Petitioner's tremor disorder could limit to some variable degree her ability for frequent typing, writing, or drawing. The ALJ provides no explanation or basis for including these limitations in the RFC assessment despite having rejected these portions of the medical opinions. Furthermore, the ALJ included a limitation in the RFC assessment not discussed or observed by any medical source - the need for a cane for prolonged ambulation and ambulation on uneven terrain.

      In fashioning Petitioner's RFC, the ALJ stated she considered all symptoms and medical opinions in accordance with the regulations. (AR 23.) However, the Court is unable to surmise from the written decision how the ALJ determined that Petitioner was capable of light work and the functional limitations assessed in the RFC. There is no evidence identified by the ALJ to support her RFC findings that Petitioner could stand and walk for three hours total in a workday and that she required the use of a cane for prolonged ambulation and ambulation on uneven terrain. While River opined that Petitioner could stand/walk for thirty minutes to three hours total in a workday, again, the ALJ found that portion of the opinion unpersuasive. Further, none of the medical sources opined concerning Petitioner's need for a cane. Indeed, the ALJ noted that Petitioner "was never observed with a cane." (AR 26.) It is therefore unclear what evidence the ALJ based her RFC limitations of three hours standing and walking during the workday and

**ORDER - 11**

the need for a cane.

Absent adequate explanation of the ALJ's reasoning and bases for the limitations assigned in the RFC, without specific support from a medical source, and with no testimony from a medical expert, the ALJ appears to have defined her own limitations for Petitioner. *See Nguyen*, 172 F.3d at 35; *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."); *Michelle Ann H. v. Comm'r of Soc. Sec.*, 2019 WL 943395, at * 10 (E.D. Wash. Feb. 26, 2019) ("Once the ALJ rejected all the medical opinions in the record, the basis for the physical limitations in the RFC finding is unclear."); *Perez v. Comm'r of Soc. Sec.*, 2018 WL 721399, at *7-8 (E.D. Cal. Feb. 6, 2018) (finding the ALJ erred by assigning a more restrictive RFC than the physicians in the record based on the ALJ's own review of the record).

Because the ALJ rejected the medical opinions in the record and provided no explanation of the evidence in the record relied on to support her conclusion that Petitioner was able to perform a reduced range of light work and the bases for the limitations assigned in the RFC, the Court cannot determine how the ALJ arrived at the RFC assessment or find that the ALJ's disability determination was supported by substantial evidence. *See Perez v. Sec'y of Health & Human Servs.*, 958 F.2d 445, 446 (1st Cir. 1991) ("where an ALJ reaches conclusions about claimant's...capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence"); *Perez*, 2018 WL 721399 at *7-8; *Goolsby v.*

*Berryhill*, 2017 WL 1090162, at *8 (E.D. Cal. Mar. 22, 2017) (finding that an ALJ erred in including "simple routine tasks" in RFC when the record did not contain medical opinions supporting this limitation); *Shipp v. Colvin*, 2014 WL 4829035, at *7 (C.D. Cal. Sept. 26, 2014) ("Since...the record contains no assessment by a treating or examining doctor regarding the effect of plaintiff's physical impairments on her ability to function, it appears that the ALJ's physical [RFC] assessment was erroneously based solely on the ALJ's own, lay interpretation of plaintiff's testimony and other raw medical evidence in the record."). For these reasons, the Court finds the ALJ erred and the Petition will be granted.

3.  **Harmless Error**

The Court next considers whether the ALJ's error was harmless. *Molina*, 674 F.3d at 1115 (citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Id*. (citations omitted). Courts look to the record as a whole to determine whether the error alters the outcome of the case. *Id*.; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).

Here, the ALJ's error was not harmless. The ALJ determined Petitioner's RFC without a supporting medical opinion, with the one exception discussed above, or any explanation of the evidence upon which the ALJ based the limitations assigned. The Court cannot confidently conclude that the RFC assessment and the resulting disability determination would have been the same absent this error. *See Karen E. v. Berryhill*,

2019 WL 1405835, at *4-5 (C.D. Cal. Mar. 27, 2019) (remanding where ALJ assessed the RFC without the benefit of any physician opinion regarding the limitations resulting from plaintiff's carpal tunnel syndrome, so for the ALJ to assess RFC required him to act "as his own medical expert and translate the data himself, something he was not qualified to do"); *Kohlbatz v. Berryhill*, 2018 WL 2059645, at *4–5 (C.D. Cal. Apr. 30, 2018) (remanding where ALJ erred by basing the RFC on the ALJ's own lay interpretation of the medical record, and such RFC is not supported by substantial evidence); *Zazueta v. Colvin*, 2014 WL 4854575, at *5 (C.D. Cal. Sept. 29, 2014) (remanding where ALJ rejected only medical opinion regarding functional limitations, then assessed the RFC based on ALJ's own lay interpretation of medical records, so the RFC assessment was not supported by substantial evidence).

4.      **Remand is Appropriate**

The Court has "discretion to remand a case either for additional evidence and findings or to award benefits." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012) (citation omitted). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison*, 759 F.3d at 1020.

Remand for further proceedings is appropriate here. There are outstanding issues

that must be resolved before a final determination can be made. Additionally, in light of the evidence as a whole, the Court has serious doubts that Petitioner was, in fact, disabled within the meaning of the Social Security Act as of the date of the ALJ's decision. Further administrative review may remedy the ALJ's error and, thus, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *see also Garrison*, 759 F.3d at 1021 (Court may "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled.").

Having found that remand is warranted, the Court declines to address Petitioner's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [petitioner's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised."); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED**:

1) The Petition for Review (Dkt. 1) be **GRANTED**.

2) The Commissioner's decision be **REMANDED** for further proceedings consistent with this opinion; and

3) Judgment be entered consistent with the above in favor of Petitioner.

DATED: August 9, 2022

Honorable Debora K. Grasham
United States Magistrate Judge